[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-14236
Non-Argument Calendar

_____

D.C. Docket No. 2:16-cv-14555-RLR

CHRISTOPHER BROWN,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 11, 2018)

Before TJOFLAT, WILSON, and NEWSOM, Circuit Judges.

PER CURIAM:

Christopher Brown, a Florida prisoner proceeding *pro se*, appeals the district

court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus.  A judge

of this Court granted Brown a certificate of appealability on the sole issue of whether Brown was denied effective assistance of counsel.  After review, we conclude that the district court correctly denied Brown's petition and affirm the district court.

## I.

In 2010, Brown was convicted of conspiracy to traffic cocaine and perjury in an official proceeding.  In 2016, Brown filed a 28 U.S.C. § 2254 petition claiming ineffective assistance of counsel.  Brown claimed that his trial counsel was ineffective by failing to join Brown's codefendant's request to admit certain exculpatory evidence, and by failing to join his codefendant's subsequent objection to the trial court's exclusion of that evidence.   In support of his habeas petition, Brown pointed to the fact that a Florida state appeals court later determined that the trial court abused its discretion in excluding this exculpatory evidence and, accordingly, overturned his codefendant's convictions.

The district court denied Brown's claim as procedurally barred, as Brown failed to raise the claim in his state post-conviction proceedings.  The district court also concluded that the procedural default was not excusable under *Martinez v. Ryan*, 566 U.S. 1 (2012), as Brown had failed to show his ineffective assistance of counsel claim was "substantial."  Alternatively, the district court concluded

2

Brown's claim could be denied on the merits. This Court later granted a certificate of appealability on Brown's claim.

On appeal, Brown acknowledges that his ineffective assistance of counsel claim is procedurally barred, but argues that his failure should be excused under *Martinez* because he was without counsel during his initial state collateral proceeding. Brown argues that his claim is both substantial under *Martinez* and viable on the merits.

After review, we affirm the district court's denial of Brown's petition. This Court need not address whether the procedural default of Brown's claim is excused under *Martinez*, because, even assuming such procedural default was excused, Brown's ineffective assistance of counsel claim fails on the merits.

## II.

When reviewing the district court's denial of a habeas petition, this Court reviews questions of law and mixed questions of law and fact *de novo*, and findings of fact for clear error. *Ferguson v. Sec'y, Dep't of Corr.*, 580 F.3d 1183, 1193 (11th Cir. 2009). We may affirm the denial of habeas relief for any ground supported by the record. *Trotter v. Sec'y, Dep't of Corr.*, 535 F.3d 1286, 1291 (11th Cir. 2008).

In order to succeed on a claim for ineffective assistance of counsel, a criminal defendant must satisfy the two-pronged test outlined in *Strickland v.*

3

*Washington*, 466 U.S. 668 (1984). Specifically, the defendant must demonstrate (1) that his counsel's performance was deficient, and (2) that he suffered prejudice as a result of counsel's deficient performance. *Id.* at 687. A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). If the defendant fails to establish either prong, the reviewing court need not address the other prong. *Strickland*, 446 U.S. at 697.

To succeed on *Strickland*'s deficient-performance prong, "a defendant must demonstrate that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." *Cummings v. Sec'y, Dep't of Corr.*, 588 F.3d 1331, 1356 (11th Cir. 2009) (quotation omitted). There is a strong presumption that counsel's performance falls within the "wide range" of reasonable professional competence. *Strickland*, 466 U.S. at 689. To overcome this presumption, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687.

To succeed on *Strickland*'s prejudice prong, a defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. "A reasonable

4

probability is a probability sufficient to undermine confidence in the outcome," but "some conceivable effect on the outcome of the proceeding" is not a reasonable probability. *Id.* at 693-94.

At Brown's trial, the state provided extensive evidence of Brown's conspiracy to traffic cocaine, including more than fifty recorded telephone conversations from wiretaps of the defendants' phones. The recorded calls included Brown's discussions with Mark Leakes, a witness for the state, concerning planned sales of cocaine. Leakes testified that he had previously helped Brown and his codefendant, Risto Wyatt, purchase cocaine, although Leakes had little interaction with Wyatt. Leakes identified Brown as the one who "handle[d] business," meaning Brown was the one responsible for paying Leakes and checking the quality of the narcotics. Leakes also testified that Brown would pay for the cocaine in cash, which was rubber-banded in $1,000 increments.

At trial, the state also introduced evidence that Brown and Wyatt were once stopped for speeding, where police discovered approximately $16,000 in cash, which was rubber-banded in $1,000 increments. At a forfeiture hearing, Wyatt's girlfriend, Rashonda James, testified that the cash belonged to her and that the defendants had borrowed her car without permission. At trial, Wyatt's attorney, but not Brown's attorney, sought to introduce James's testimony from the forfeiture hearing.

Brown argues that had his counsel also sought to introduce this testimony, a Florida appeals court would have overturned his conviction, just as the court overturned Wyatt's convictions. We find Brown's argument unpersuasive. While James's testimony would have given Brown an alternate explanation for the cash, the state's case against Brown was much stronger than its case against Wyatt. Most importantly, only Brown was captured on the recorded phone calls discussing the sale of narcotics. According to the trial evidence, Leakes directly identified Brown—not Wyatt—as the individual who arranged the narcotics transactions, handed over the money, and cooked the cocaine to test its purity.

As the Supreme Court has instructed, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury," including taking into account the evidence unaffected by the errors. *Strickland*, 466 U.S. at 695. Here, the recorded phone calls and Leakes's testimony strongly supported Brown's guilt, and would have been largely unaffected by James's testimony. Under these circumstances, Brown has not shown a reasonable probability that, but for the inclusion of James's testimony, "the result of the proceeding would have been different," as *Strickland* requires. *Id.* at 694. Accordingly, we affirm.

**AFFIRMED.**